PEOPLE v ALLEN

1. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—IMPEACH-
   MENT—STATUTES.

   Witnesses whom the people are obliged by law to call as res
   gestae witnesses may be impeached the same as though such
   witnesses had been called by the defendant (MCLA 767.40a).

2. WITNESSES—CRIMINAL LAW—IMPEACHMENT—RELATIONSHIP WITH
   DEFENDANT.

   The state of mind of a witness as to bias, prejudice, interest
   involved, hostility or friendship toward parties litigant, are all
   subject for investigation in the trial of a case, even though the
   evidence introduced by such a witness suggests that the defend-
   ant committed another possible offense.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—EVIDENCE—ADMISSIBILITY
   OF EVIDENCE—SUA SPONTE INSTRUCTIONS—PRESERVING QUES-
   TION.

   A trial court correctly did not give *sua sponte* a limiting instruc-
   tion on the purpose for which evidence of another offense was
   admitted where such an instruction was not requested by
   defense counsel and the charge as a whole was approved by
   counsel.

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—EVIDENCE—OTHER CRIMES
   —APPEAL AND ERROR—NEW TRIAL.

   A conviction should be reversed where a cautionary instruction
   on the limited purpose for which evidence of other possible
   offenses was admitted was warranted and requested but was
   refused; but where it is not clear that the instruction would
   have been favorable to the defendant, a new trial will not be
   ordered.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Witnesses §§ 709, 719, 792.
[3, 5] 75 Am Jur 2d, Trial § 906.
[4] 75 Am Jur 2d, Trial §§ 826–842.
[6] 4 Am Jur 2d, Appeal and Error §§ 159–167.
[7] 21 Am Jur 2d, Criminal Law §§ 185, 494.

5. CRIMINAL LAW—INSTRUCTIONS TO JURY—PRESERVING QUESTION.

> A trial court's instructions concerning the theories of a case will not be held to give undue emphasis to the prosecutor's theory of the case where defense counsel made no request for instructions and no objection to the instructions that were given.

6. CRIMINAL LAW—INSTRUCTIONS TO JURY—REVIEW.

> Appellate courts review instructions as a whole rather than in small excerpts.

7. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OFFENSES—REQUESTS FOR INSTRUCTIONS.

> Failure to instruct the jury upon lesser included offenses, in the absence of a request for such an instruction, is not error unless there is evidence on the record to support a conviction on a lesser offense so that, if requested, it would have been error to refuse to instruct on it, and the court affirmatively excludes the jury from considering such lesser offenses.

Appeal from Oakland, Robert L. Templin, J. Submitted Division 2 December 4, 1974, at Lansing. (Docket No. 19887.) Decided March 12, 1975. Rehearing applied for.

Harold Allen was convicted of rape. Defendant appeals by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Richard G. Bensinger,* Assistant Appellate Counsel, for the people.

*Barbara L. Betsey,* Assistant State Appellate Defender, and *Joseph B. Szeremet,* Assistant State Appellate Defender, for defendant.

Before: D. E. HOLBROOK, P. J., and R. B. BURNS and VAN VALKENBURG,* JJ.

---

* Former circuit judge sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Van Valkenburg, J. After a jury trial the defendant was convicted of rape. MCLA 750.520; MSA 28.788. He now appeals by leave granted and we affirm.

On January 17, 1973, the complaining witness, who had recently given birth to a child, was visiting friends who were not approved of by her husband. At about 11:00 P.M. her husband called for her and asked her to leave. Outside of the house an argument ensued and he struck her.

She was admonished to get the children, who were being cared for next door. She proceeded, ostensibly to carry out the order, but directed one of her friends to take the children out to her husband while she retreated by the backdoor. She crossed the yard, climbed the fence, and was assisted over a second fence by a teenage boy who took her to a vacant house. Later four individuals entered including the defendant and his 15-year-old girl friend. They fell into an argument concerning her relatives and defendant severely beat her with his fist for ten or fifteen minutes. Later both said that they were sorry and he expressed a desire to have sex with her. She protested because of her physical condition but he proceeded to pull down one side of her dress and another individual also attempted to disrobe her. The defendant and his companions began to close in on her and to avoid a further beating she disrobed and submitted to an act of intercourse. At the time of the trial the defendant claimed that he did not achieve penetration and that the act was of short duration because he was called from the room. Thereafter, one of the other men entered and had intercourse with her. After the second man left, she jumped out of the window, clad only in her bra, and attempted to return to her friends but she encountered her husband who took her to the hospital.

The doctor testified that she had multiple abrasions on her legs and her right arm and that she was crying. He also testified that he found her sex organs swollen and that tests revealed the presence of sperm.

The first issue arises as a result of the examination by the prosecutor of the 15-year-old girl, a res gestae witness, concerning conversations with a policewoman the pertinent part of which reads:

"*Q.* Did you tell her that you would lie for Buzzy (the defendant) if you had to?

"*A.* Yes.

"*Q.* That was true, wasn't it? That was true, wasn't it?

"*A.* I don't know.

"*Q.* But you did tell her that?

"*A.* Yes, I did.

"*Q.* That was in the presence of other police officers, too, wasn't it?

"*A.* I don't know.

"*Q.* Did you tell her you were pregnant at that time by Buzzy?

"*A.* I don't know."

The defendant now contends that this was reversible error because it introduced into evidence another possible offense, that of statutory rape. The prosecutor argues that the question was proper because it was asked to show "bias, prejudice, and interest of the witness in favor of the appellant".

The prosecuting attorney is permitted by statute to impeach an adverse res gestae witness. MCLA 767.40a; MSA 28.980(1). The defendant has cited several cases to the effect that evidence of other offenses cannot be admitted to prove the probability that the one under consideration has been committed. We have no quarrel with those deci-

sions. However, that is not the issue here, because the prosecutor was merely attempting to show the relationship with the defendant. A California case cited by the people, *People v Payton,* 36 Cal App 2d 41, 55; 96 P2d 991, 998 (1939), is strikingly similar. A reluctant witness, who admitted knowing the defendant, eventually stated that she had been living with him without benefit of clergy and had borne him two children. The Court said:

"It is elementary that the state of mind of a witness as to bias, prejudice, interest involved, hostility or friendship toward parties litigant, are all subject for investigation in the trial of a case."

For a similar holding see *People v Meier,* 47 Mich App 179; 209 NW2d 311 (1973).

Defendant also argues that the trial court should have given *sua sponte* a limiting instruction on the purpose for which the testimony regarding bias was received. Such an instruction was not requested and the charge as a whole was approved by counsel. Appellate courts should not second guess the strategy of counsel. A specific instruction would have emphasized the matter and might have done more harm than good. In *People v DerMartzex,* 390 Mich 410, 417; 213 NW2d 97, 101 (1973) the Supreme Court said:

"If the cautionary instruction is warranted and requested, but refused, we will not hesitate to reverse. But where it is not clear that the instruction would have been favorable to the defendant, we decline to order a new trial."

The defendant asserts that the trial court gave undue emphasis to the prosecution's theory of the case. We disagree. The court detailed the theory of

both sides and did not unduly emphasize the prosecution's side. Again, counsel made no request for instructions and no objections to the instructions that were given. GCR 1963, 516.2. Appellate courts review instructions as a whole rather than in small excerpts. We find that the charges here were fair to both sides and do not disclose any impropriety. *People v Peace,* 48 Mich App 79; 210 NW2d 116 (1973), *lv den,* 391 Mich 786 (1974).

The defendant's final contention is that the trial court erred by affirmatively excluding the consideration of lesser included offenses. The instruction in question reads:

"There are only two possible verdicts in this case. One is that the defendant, Harold Allen, is guilty of the crime charged, rape. Or, the defendant, Harold Allen, is not guilty of the crime of rape."

As would be expected heavy reliance is placed upon *People v Lemmons,* 384 Mich 1; 178 NW2d 496 (1970). The application of the rule promulgated there has been interpreted in *People v Membres,* 34 Mich App 224, 232; 191 NW2d 66, 69 (1971), *lv den,* 386 Mich 790 (1972), as follows:

"We therefore hold that *Lemmons* requires a reversal only where: (1) there is no request for an instruction on lesser offenses; (2) there is evidence on the record to support a conviction on a lesser offense so that, if requested, it would have been error to refuse to instruct on it; and, (3) the court affirmatively excludes the jury from considering lesser offenses."

When these guidelines are applied to the facts of this case it does not appear that *Lemmons* applies. See also *People v King,* 51 Mich App 788; 216 NW2d 76 (1974).

Affirmed.