PEOPLE v DAVIS

1. HOMICIDE—PLEA OF GUILTY—RECORD—DEATH OF VICTIM—PREJU-
   DICE—HARMLESS ERROR.
   It is generally not permissible to establish the factual basis for a
   guilty plea by reference to the plea of guilty itself, but a
   defendant who pleads guilty to second-degree murder is not
   prejudiced where the trial court fails to recite for the record
   the fact that the victim died because a plea of guilty to the
   crime of murder is itself an implicit admission that the victim
   of the assault died.

2. HOMICIDE—SECOND-DEGREE MURDER—INTENT—MALICE.
   The actual intent to kill is not an essential element of the crime
   of second-degree murder in Michigan; it is only required that
   the killing be done with malice.

3. HOMICIDE—MALICE—INTENT—TENDENCY OF BEHAVIOR—DEATH—
   GREAT BODILY HARM.
   Malice is present at the taking of a human life even where there
   is no actual intent to kill if the actual intent of the assailant is
   to inflict great bodily harm or to engage in behavior the
   natural tendency of which is to cause death or great bodily
   harm.

4. ASSAULT AND BATTERY—HOMICIDE—JURY—INFERENCES—STABBING
   —INTENT—DEATH—GREAT BODILY HARM.
   A jury could properly infer from a defendant's admission that he
   stabbed a victim with a knife that the defendant intended to
   engage in conduct the natural and probable tendency of which
   would be to cause death or great bodily harm.

Appeal from Recorder's Court of Detroit, James
Del Rio, J. Submitted December 14, 1976, at De-
troit. (Docket No. 29132.) Decided June 8, 1977.
Leave to appeal applied for.

REFERENCES FOR POINTS IN HEADNOTES
[1] No reference.
[2, 3] 40 Am Jur 2d, Homicide §§ 10, 53.
[4] 40 Am Jur 2d, Homicide § 568 *et seq.*

McArthur Davis was convicted, on his plea of guilty, of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research, Training and Appeals, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Philip M. Sallen (Alvin C. Sallen,* of counsel), for defendant on appeal.

Before: T. M. Burns, P. J., and M. J. Kelly and D. F. Walsh, JJ.

D. F. Walsh, J. Defendant entered a plea of guilty to a charge of second-degree murder. MCLA 750.317; MSA 28.549. He was sentenced to a term of 10 to 15 years in prison. He now appeals, claiming deficiencies in the record relating to the factual basis for the plea. Specifically defendant contends that the record does not recite the fact that the victim of the assault died, nor does it recite facts from which it could reasonably be inferred that the defendant had the *mens rea* required to support a conviction of the crime of second-degree murder.

We disagree.

First, defendant's plea of guilty to the crime of murder is itself an implicit admission that the victim of the assault died. While generally it may not be permissible to establish the factual basis for a plea by reference to the plea of guilty itself, we can perceive no injustice resulting to the defendant from our doing so in this case.

Murder is so commonly understood to involve

the death of one human being at the hands of another that it is beyond belief that the defendant did not understand that he was admitting that the victim died when he pled guilty to murder.

Second, the defendant urges us to apply the holding of *Henderson v Morgan,* 426 US 637; 96 S Ct 2253; 49 L Ed 2d 108 (1976), to the facts of this case. We decline to do so.

In *Henderson* the defendant, Timothy G. Morgan, was convicted in the State of New York upon his plea of guilty to the crime of second-degree murder. At the time of Morgan's plea an essential element of second-degree murder under the New York Penal Law was that the killing be done "with a design to effect the death of the person killed".[1] The United States Supreme Court found Morgan's plea to be defective since there had been an express finding of fact in the Federal district court that the element of intent to kill was never explained to the defendant and he did not admit that he acted with such intent.

The actual intent to kill is not an essential element of the crime of second-degree murder in Michigan. What is essential is that the killing be done with malice. Malice is present even where there is no actual intent to kill if the actual intent is to inflict great bodily harm or to engage in behavior the natural tendency of which is to cause death or great bodily harm. *People v Morrin,* 31 Mich App 301, 323; 187 NW2d 434 (1971). Hence, it was not necessary that the defendant in this case admit that he intended to kill. From his admission that he stabbed the victim with a knife

[1] In 1965 murder in the second degree was defined as follows by former New York Penal Law § 1046: "Such killing of a human being is murder in the second degree, when committed with a design to effect the death of the person killed, or of another, but without deliberation and premeditation."

a jury could properly infer that the defendant intended to engage in conduct the natural and probable tendency of which would be to cause death or great bodily harm. *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975).

Moreover, our reading of *Henderson v Morgan, supra,* persuades us that it was the intention of the majority in that case to limit their holding strictly to the facts of that case. Justice Stevens himself, who wrote for the majority, described the case as unique. He wrote:

"Petitioner argues that affirmance of the Court of Appeals will invite countless collateral attacks on judgments entered on pleas of guilty, since frequently the record will not contain a complete enumeration of the elements of the offense to which an accused person pleads guilty. We think petitioner's fears are exaggerated.

"Normally the record contains either an explanation of the charge by the trial judge or at least a representation by defense counsel that the nature of the offense has been explained to the accused. Moreover, even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit. This case is *unique* because the trial judge found as a fact that the element of intent was not explained to the respondent." 426 US at 646–647. (Emphasis added.)

We find no reversible error. The defendant's conviction is affirmed.