PEOPLE v HILL

Docket No. 78-3593. Submitted October 12, 1979, at Detroit.—Decided December 10, 1979.

Arthur Hill was charged with murder in the first degree and with possession of a firearm in the commission of a felony and was found guilty of second-degree murder and possession of a firearm in the commission of a felony, Recorder's Court of Detroit, Susan D. Borman, J. The trial court instructed the jury that malice was shown if they found that the defendant "intended to kill or that he knowingly created a very high risk of death with knowledge that it probably would cause death". Defendant appeals arguing that the trial court erred in instructing the jury that the necessary element of malice could be established if they found that defendant knowingly created a high risk of death with knowledge that death would probably ensue, rather than instructing the jury that they must find that defendant had an actual intent to kill. *Held:*

In a prosecution for second-degree murder, the element of malice may be established by proof beyond a reasonable doubt that the defendant knowingly undertook activities involving a high risk of death with the knowledge that death would probably ensue. In a prosecution for second-degree murder, it is unnecessary to prove that the defendant had an actual intent to kill. The trial court did not err in instructing the jury that malice could be established upon a finding that the defendant "knowingly created a high risk of death with knowledge that it probably would cause death".

Affirmed.

HOMICIDE — SECOND-DEGREE MURDER — MALICE.

The element of malice in a second-degree murder prosecution may be established by proof beyond a reasonable doubt that the defendant knowingly undertook activities involving a high risk of death with the knowledge that death would probably ensue; it is not necessary to prove that the defendant had an actual intent to kill.

REFERENCE FOR POINTS IN HEADNOTE
40 Am Jur 2d, Homicide § 53.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: ALLEN, P.J., and BASHARA and BEASLEY, JJ.

PER CURIAM. Defendant was convicted by a jury of second-degree murder, MCL 750.317; MSA 28.549, and possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to 15 to 25 years imprisonment for the murder conviction and to a consecutive two-year term in prison for the felony-firearm conviction. Defendant appeals as of right.

Defendant contends that the trial court erred by charging the jury that it could find defendant guilty of murder without finding that defendant had the intent to kill the decedent. Defendant assigns as error, the emphasized portions of the instructions given to the jury at the close of defendant's murder trial set forth below:

"There are two kinds of murder, first degree and second degree and I am going to instruct you as to both.

"Murder of either degree is the killing of one person by another with malice. Malice is a term with a special meaning in the law. Malice means that the Defendant intended to kill *or that he knowingly created a very high risk of death with the knowledge that it probably would cause death,* and that he did so under circumstances which did not justify, excuse or lessen the crime to manslaughter.

"First degree and second degree murder are the same crime, except that first degree murder has the addi-

tional elements of premeditation and deliberation. That is, the Defendant must have premeditated and deliberated his intent to kill and that is the difference between first and second degree murder. The premeditation and deliberation.

"I am first going to instruct you on murder of the second degree. *Keep in mind that all the elements of second degree murder are necessary to prove first degree murder, except that first degree murder requires the additional elements of premeditation and deliberation.*

"To establish second degree murder the Prosecution must prove each of the following elements beyond a reasonable doubt:

\* \* \*

"Fourth, for murder you must find that the Defendant consciously and knowingly performed the act which caused death. The Defendant must have either intended to kill, that is he must have done the act intending that it result in death, or in great and serious bodily injury, *or he must have knowingly created a very high risk of death with the knowledge that it probably would cause death.*

"The degree of risk for murder must be so reckless and wrongful as to amount to a criminal purpose aimed against a person's life and the Defendant must have been conscious of that risk.

"*For murder of the first degree the Prosecution must prove beyond a reasonable doubt the four elements of second degree murder which I have just described to you.* In addition he must prove beyond a reasonable doubt the fifth element which raises the crime to first degree murder.

\* \* \*

"If all the evidence does not convince you beyond a reasonable doubt, that the Defendant either intended to kill *or consciously created a very high degree or risk of death, this knowledge of the probable consequences,* then you must find the Defendant not guilty of the crime of murder.

\* \* \*

"If the evidence does not convince you beyond a reasonable doubt that the Defendant intended to kill, you must consider whether he acted with unreasonable disregard for human life. *It is sufficient for murder of the second degree if the Defendant consciously created a very high risk of death and if he had knowledge of the probability of those consequences.*

"However, if you find that the Defendant's acts did not amount to such a criminal purpose and against life, you must find the Defendant not guilty of murder and consider whether or not he is guilty of manslaughter.

\* \* \*

"*When a certain intent is a necessary element in a crime, and it is in the crime of murder in the first degree, that is the intent to kill, the crime cannot have been committed when the intent did not exist.*" (Emphasis supplied.)

Defendant claims that these instructions are defective because "they allow the jury to convict of either first- or second-degree murder without having found the element of intent to kill being proven beyond a reasonable doubt". The prosecutor responds that the essential element of second-degree murder is malice and, since malice can be established if the defendant had either the actual intent to inflict great bodily harm *or the intent to engage in behavior the natural tendency of which is to cause death or great bodily harm,* the trial court's instruction to the jury on this issue was proper, citing *People v Davis,* 76 Mich App 187, 189; 256 NW2d 576 (1977), *lv den* 402 Mich 865 (1978).

The Supreme Court has held that:

"Malice requires an intent to cause the very harm that results or some harm of the same general nature, or an act done in wanton or wilful disregard of the plain and strong likelihood that some such harm will

result. It requires also on the negative side the absence of any circumstance of justification, excuse, or recognized mitigation." *People v Hansen,* 368 Mich 344, 350-351; 118 NW2d 422 (1962).

Thus, while a person accused of murder must have caused the death of the decedent, the prosecution need only establish that the defendant possessed an accompanying "malicious" state of mind in causing the defendant's death. Naturally, if it is established that the defendant premeditated and deliberated prior to the killing (first-degree murder) or stated just prior to an unplanned and unprovoked killing that he would "kill the decedent" (second-degree murder), the element of malice is easily met. In such a case, the defendant's malice, *i.e.,* intent to kill, is said to be either express or actual, regardless of whether this intention is proved by direct evidence or by circumstantial evidence.

At the same time, the law also acknowledges that the requisite malice aforethought, *i.e.,* the defendant's malicious state of mind accompanying defendant's death-causing activities, is established if it is proved that the defendant possessed the actual intent to cause great bodily harm or that he consciously created a very high degree of risk of death at the time of his death-causing activities. *People v Haack,* 396 Mich 367, 375-376; 240 NW2d 704 (1976). *Guilty Plea Cases (People v Nicholson),* 395 Mich 96, 131; 235 NW2d 132 (1975). In *Wellar v People,* 30 Mich 16, 19 (1874), the Supreme Court recognized that it is not always necessary that the defendant intend to take life and limited the requisite intent to that which "shall be equivalent in legal character to a criminal purpose aimed against life". Thus, in *People v John Willie Williams,* 26 Mich App 218, 225, fn 8; 182 NW2d 347

(1970) (a second-degree murder case), this Court observed:

> "The people discharge their burden when they prove that the defendant killed the victim intentionally *or acted so recklessly as to be the equivalent of actual intent to kill."* (Emphasis added.)

Therefore, in any second-degree murder case "malice aforethought" is proved if it is established that defendant either intended to kill (*i.e.,* did the act intending that it result in death or in great and serious bodily injury) or knowingly created a very high risk of death with the knowledge that it probably would cause death. *People v Davis, supra,* 189. *People v Morrin,* 31 Mich App 301; 187 NW2d 434 (1971).

Defendant's argument that this rule is no longer valid lacks merit. In brief, defendant contends that since nonfelony first-degree murder requires proof of defendant's specific intent to kill, *People v Garcia,* 398 Mich 250, 259; 247 NW2d 547 (1976), and since the elements of second-degree murder are the same as those for nonfelony first-degree murder, absent premeditation and deliberation, *People v Carter,* 395 Mich 434, 437-438; 236 NW2d 500 (1975), it follows that second-degree murder requires proof of defendant's specific intent to kill. We disagree.

The basis for the Supreme Court's declaration that nonfelony first-degree murder requires a specific intent to take a life is that the state is "motivated by a concern that the more culpable forms of murder should be punished more severely". *People v Garcia, supra,* 258. Since first-degree murder is statutorily defined as a "wilful, deliberate and premeditated killing" (MCL 750.316; MSA 28.548), the prosecution must prove

the defendant's "intent to accomplish the result of death" in order to support a conviction for first-degree murder. *People v Garcia, supra,* 259, 2 Wharton's Criminal Law (14th ed), § 138, p 172. In contrast, and as indicated by the foregoing discussion, the degree of culpability required to form the requisite "malice" required to sustain a second-degree murder conviction traditionally has been less. Thus, while a conviction for first-degree murder requires proof that defendant had the specific intent to kill, a second-degree murder conviction can be sustained if there is proof of defendant's "intent to cause the very harm that results or some harm of the same general nature, or an act done in wanton or wilful disregard of the plain and strong likelihood that some such harm will result". *People v Hansen, supra,* 350. Accordingly, a second-degree murder conviction does not require proof of defendant's specific intent to kill. The trial judge's instructions fully comport with the foregoing principles of law and are, therefore, upheld.

We have carefully reviewed defendant's other allegations of error and find them to be without merit.

Affirmed.