PEOPLE v JONES

Docket No. 78-2126. Submitted November 8, 1979, at Lansing.—De-
cided February 6, 1980.

James L. Jones was convicted of second-degree murder, Jackson
Circuit Court, Charles J. Falahee, J. The Court of Appeals'
subsequent affirmance of defendant's conviction (Docket No.
20574, decided September 22, 1976 [unreported]) was summar-
ily reversed by the Supreme Court, *People v Jones,* 400 Mich
810 (1977). Defendant was then retried and reconvicted by a
different jury in Jackson Circuit Court, Russell E. Noble, J.
Defendant and a Ms. Bryson were lovemaking on a private
residential driveway. Howard Stoker exited from a nearby
house and approached the car on two occasions to inquire if
anything was wrong. After the second approach, according to
Ms. Bryson, defendant brandished a pistol and told her that if
Stoker came back again he would "blow his ass off". The car
became stuck in the snow and Ms. Bryson went into the Stoker
house to call a wrecker. Once in the house, she told the
occupants that defendant was armed and dangerous and that
they should call the police. After a few minutes defendant came
to the door. Stoker answered. There was a gunshot and Stoker
was killed. Defendant testified he made sure the gun was
loaded and that he thrust the gun inside intending to frighten
the person behind the door into letting him in when the gun
accidentally discharged. Defendant appeals. On appeal defen-
dant alleges that the trial court erred reversibly when it
improperly allowed a ballistics expert to testify about powder
burns on the skin of the deceased victim and that this error
was prejudicial to him with regard to the sufficiency of the
evidence of malice proffered at trial. *Held:*

The trial court abused its discretion in admitting the testi-
mony on powder burns. The police detective who testified was
not an expert witness. He was insufficiently trained and un-
qualified. However, the error does not warrant reversal of

REFERENCES FOR POINTS IN HEADNOTES
[1] 31 Am Jur 2d, Expert and Opinion Evidence § 31.
[2] 40 Am Jur 2d, Homicide § 263 *et seq.*
  52 Am Jur 2d, Malice §§ 5, 6.

defendant's conviction. Malice may be inferred from behavior and the use of a deadly weapon. In view of defendant's threat to "blow his ass off", insuring that his gun was loaded, kicking the door and thrusting the gun inside, the jury could properly have found express malice in defendant's statement of intent and inferences of malice could also have been properly drawn from the defendant's behavior and use of a deadly weapon. Although the trial court abused its discretion in admitting the testimony of the ballistics officer as to the victim's contact wound, the error was harmless.

Affirmed.

1. WITNESSES — EXPERT WITNESSES — QUALIFICATIONS — JUDGE'S DISCRETION — AREA OF EXPERTISE — APPEAL AND ERROR.

Admission or exclusion of expert testimony is within a trial court's discretion and exercise of that discretion will not be reversed except where it is clearly abused; in its exercise of discretion, the trial court must preliminarily determine that the witness qualifies as an expert in the subject matter upon which he intends to testify and his testimony must be limited to his area of expertise.

2. HOMICIDE — MALICE — INTENT TO KILL — TENDENCY OF BEHAVIOR — JURY — USE OF DEADLY WEAPON — INFERENCES.

Malice or intent to kill may be inferred by the trier of fact where the natural tendency of a defendant's behavior is to cause death or great bodily harm; malice may also be inferred where a deadly weapon is used in the perpetration of a killing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* for the people.

*Nora J. Pasman,* Assistant State Appellate Defender, for defendant on appeal.

Before: R. M. MAHER, P.J., and MACKENZIE and J. H. PIERCEY,* JJ.

PER CURIAM. Defendant was tried and convicted of second-degree murder, MCL 750.317; MSA

---

* Circuit judge, sitting on the Court of Appeals by assignment.

28.549, on January 25, 1974, by a Jackson County Circuit Court jury. This Court's subsequent, unpublished affirmance of defendant's conviction was summarily reversed by the Supreme Court, *People v Jones,* 400 Mich 810 (1977). Defendant was then retried and reconvicted by another Jackson County Circuit Court jury. He was sentenced to imprisonment for 60 to 90 years, with credit given for time previously served. From this conviction and sentence, defendant appeals as of right under GCR 1963, 806.1.

A survey of the facts is in order before turning to the various allegations of error defendant has raised. Defendant and a female acquaintance, a Ms. Bryson, were out for a drive in rural Jackson County on the night of December 1, 1972. After a time, they left the highway and pulled into the driveway of a residence in order to engage in lovemaking. A young man, one Howard Stoker, the victim herein, exited from a nearby house, approached the car and inquired if anything was wrong. Ms. Bryson indicated there was not. However, later, upon Stoker's return, in an exchange unknown to the defendant, Ms. Bryson told Stoker to call the police. Afterwards, according to Ms. Bryson, defendant brandished a pistol and told her that if Stoker came back again, he would "blow his ass off".

An argument between defendant and Bryson ensued. As a result, defendant attempted to move his car but became stuck in heavy snow and ice at the end of the driveway. Ms. Bryson then convinced defendant that he should allow her to go to the house to call a wrecker. Once in the house, however, Ms. Bryson told the occupants that defendant was armed and dangerous and that they should call the police. Howard Stoker then locked

the door and ordered everyone into the basement, including Ms. Bryson. The victim's girlfriend did not go to the basement as ordered however. Instead, she secreted herself in the living room and overheard the events which followed.

After some minutes, defendant came to the door and demanded admission. The victim's girlfriend testified that a brief conversation through the doors followed. Then, she heard the front door open, a scuffle, a thud and then a gunshot.

The defendant testified in his own behalf. He stated that before approaching the house, he checked as to whether the gun was loaded. When he found out that it was, he put it in his jacket pocket. Then, when those in the house refused to allow him to enter, he kicked the door. It opened slightly and he thrust the gun inside intending to frighten the person behind the door into letting him in. At this point, defendant related, the gun accidentally discharged.

Defendant raises a myriad of allegations in this appeal, only one of which warrants extended discussion. This allegation is that the trial court reversibly erred when it improperly allowed a ballistics expert to testify about powder burns on the skin of the deceased victim. Defendant argues that this error was highly prejudicial to him as it involved the crucial issue of the nature of the victim's wound and its effect upon the sufficiency of the evidence of malice proffered at trial. Specifically, if the defendant in fact put the gun to Stoker's neck, the jury could have inferred malice. However, if the defendant thrust the gun into the door and it accidentally discharged at some distance from the victim, the evidence of malice presented would be insufficient to justify defendant's second-degree murder conviction.

It is within the trial court's discretion to admit or exclude expert testimony and an exercise of that discretion will not be reversed except where it is clearly abused, *People v Hernandez,* 84 Mich App 1, 18; 269 NW2d 322 (1978). In its exercise of discretion, the trial court must preliminarily determine that the witness qualifies as an expert in the subject matter upon which he intends to testify. Moreover, the expert's opinion testimony must be limited to his area of expertise. *People v Zimmerman,* 385 Mich 417; 189 NW2d 259 (1971), *O'Dowd v Linehan,* 385 Mich 491; 189 NW2d 333 (1971).

We find that the instant trial court abused its discretion in this regard. The police detective the trial court allowed to testify as an expert on powder burns and contact wounds indicated on voir dire that: he had at most several hours of training concerning powder burns and skin tests; he had conducted no controlled firing of projectiles into skin tissue; he had used only optical methods to test for powder residue; and, finally, he had conducted no chemical tests for powder burns. In view of the foregoing, we agree with defendant's allegation that the trial court erred in allowing this witness to testify as an expert witness.

We disagree with defendant's conclusion that the error warrants reversal, however. We find that sufficient evidence of malice existed to support the conviction even absent this erroneously admitted testimony. Malice or intent to kill may be inferred by the trier of fact when the natural tendency of the defendant's behavior is to cause death or great bodily harm. *People v Davis,* 76 Mich App 187, 189; 256 NW2d 576 (1977). Malice may also be inferred where a deadly weapon is used in the perpetration of the killing. *People v Martin,* 392

Mich 553, 562; 221 NW2d 336 (1974), *People v Juniel,* 62 Mich App 529, 537; 233 NW2d 635 (1975).

In referring to the victim on one occasion, the defendant told his girlfriend that he would "blow his ass off". Subsequent to making this statement, the defendant approached the victim's house while insuring that his gun was loaded. At this point, according to the defendant's testimony, he kicked the door of the house slightly ajar and thrust the gun inside. The gun discharged, killing the victim.

In view of the foregoing, we hold that the jury could properly have found express evidence of malice in defendant's statement of intent. Moreover, inferences of malice could also properly have been drawn by the trier of fact in that the natural tendency of defendant's behavior was to cause death or great bodily harm and defendant used a deadly weapon in the perpetration of a killing. Accordingly, we hold that, although the trial court did abuse its discretion in admitting the testimony of the ballistics officer as to the victim's contact wound, this error was harmless.

Affirmed.