PEOPLE v CLAYTON

Docket No. 44552. Submitted April 7, 1980, at Detroit.—Decided June 3, 1980.

Frank Clayton was convicted of second-degree murder in Recorder's Court of Detroit, George W. Crockett, III, J. The defendant appeals alleging various errors in the instructions to the jury, none of which were objected to at trial. *Held:*

1. A second-degree murder conviction can be sustained if there is proof of the defendant's intent to cause the very harm which results or some harm of the same general nature or an act done in wanton or willful disregard of the plain and strong likelihood that some harm will result.

2. The proposed Michigan Criminal Jury Instruction concerning character evidence simply informs the jury that if the character evidence the defendant chooses to produce together with all the other evidence leaves the jury with a reasonable doubt, the defendant should be acquitted.

3. Evidence of good character may by itself create a reasonable doubt of guilt and justify a verdict of not guilty.

4. Whether or not a victim of a killing was, in fact, armed is a relevant consideration for the jury in applying the subjective standard regarding self-defense.

5. A defendant's conviction will not be reversed for alleged errors in the jury instructions that were not objected to at trial unless manifest injustice would result.

Affirmed.

1. Criminal Law — Murder — Second-Degree Murder.

A second-degree murder conviction can be sustained if there is proof of the defendant's intent to cause the very harm which results or some harm of the same general nature, or an act done in wanton or willful disregard of the plain and strong likelihood that some harm will result.

References for Points in Headnotes

[1] 40 Am Jur 2d, Homicide § 10.
[2, 3] 30 Am Jur 2d, Evidence § 1127.
[4] 40 Am Jur 2d, Homicide § 140.
[5] 75 Am Jur 2d, Trial §§ 906, 907.

2. CRIMINAL LAW — JURY INSTRUCTIONS — CHARACTER EVIDENCE.

The proposed Michigan Criminal Jury Instruction concerning character evidence simply informs the jury that if the character evidence the defendant chooses to produce, together with all the other evidence, leaves the jury with a reasonable doubt, the defendant should be acquitted (CJI 5:2:08).

3. EVIDENCE — GOOD CHARACTER — CRIMINAL LAW.

Evidence of good character may by itself create a reasonable doubt of guilt and justify a verdict of not guilty.

4. HOMICIDE — DEFENSES — SELF-DEFENSE.

Whether or not a victim of a killing was, in fact, armed is a relevant consideration for the jury in applying the subjective standard regarding self-defense.

5. CRIMINAL LAW — CONVICTION — JURY INSTRUCTIONS — ERROR.

A defendant's conviction will not be reversed for alleged errors in the jury instructions that were not objected to at trial unless manifest injustice would result.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy K. Cronin,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: DANHOF, C.J., and CYNAR and MAC-KENZIE, JJ.

DANHOF, C.J. Following a jury trial, defendant was convicted of second-degree murder, MCL 750.317; MSA 28.549, on January 25, 1979. He was sentenced to 15 to 25 years imprisonment. He appeals as of right. On February 21, 1980, this Court denied the people's motion to affirm.

On appeal, defendant claims that the instructions to the jury contained various errors, none of which were objected to at trial. Thus, reversal is not warranted unless manifest injustice resulted.

*People v Dixon,* 84 Mich App 675, 685; 270 NW2d 488 (1978).

Defendant first argues that the trial court erroneously directed the jury to apply the "objective standard" when considering his claim of self-defense.[1] The court instructed as follows:

"In deciding whether at the time the Defendant feared for his life or safety, you should consider all of the surrounding circumstances; the condition of the parties, including their relative strength, *whether the other party was armed with a dangerous weapon or had other means to injure the Defendant;* the nature of the threat or attack of the other party, previous acts of brutality or threats of the other party of which the Defendant was aware." (Emphasis added.)

This instruction was taken from proposed CJI 7:9:01. In the proposed instruction, the challenged statement appears in brackets as a factor to be given to the jury in appropriate cases. This factor is appropriate where the facts as they appear to defendant coincide with the actual, "objective" facts as described by other testimony. That is, cases in which the deceased was visibly armed with a dangerous weapon. On the other hand, in cases like the present, where a defendant testifies that it appeared to him the deceased was armed but other witnesses testified that they saw no weapon, the instruction may create a tension between defendant's subjective view and other, supposedly objective, evidence. However, we do not view this as error because the evidence of other witnesses is relevant to the honesty of defendant's

[1] Under the objective standard a jury deciding whether defendant feared for his life or safety would consider the circumstances as they actually existed. In Michigan, the "subjective" standard is to be applied: the circumstances as they appeared to the defendant. See, *People v Mitchell,* 402 Mich 506, 513; 265 NW2d 163 (1978).

subjective belief. The testimony of defendant cannot control this issue. Juries, being unequipped with extrasensory perception, or any other metapsychical powers to determine a subjective state of mind, must consider all relevant facts surrounding the occurrence.

We hold that the instructions on self-defense, read as a whole, were proper. Defendant's citations, cases involving explicit instructions requiring improper application of an objective standard, can be distinguished from the present case where the jury was merely instructed to consider a factor which has more relevance in cases where the deceased was visibly armed with a dangerous weapon. The jury was correctly instructed to apply the subjective standard when deciding whether defendant feared for his life or safety.

Defendant next argues that the instructions defining malice and distinguishing first and second-degree murder were erroneous. Defendant reasons that an intent to kill is an indispensable element of first-degree murder and that first and second-degree murder are the same crime except that first-degree murder has the additional element of premeditation and deliberation. As a result, he concludes that second-degree murder is a specific intent crime because it is first-degree murder less premeditation. Thus, he contends that the trial court erred when he instructed that the jury could convict defendant of second-degree murder upon proof that he consciously created a high risk of death.

Defendant's argument is without merit. This issue was addressed at length in *People v Hill,* 94 Mich App 77; 288 NW2d 408 (1979). We agree with *Hill* that while conviction for first-degree murder requires proof that defendant had the specific

intent to kill, a second-degree murder conviction can be sustained if there is proof of defendant's intent to cause the very harm which results or some harm of the same general nature, or an act done in wanton or willful disregard of the plain and strong likelihood that some harm will result. The present instructions were correct.

We also reject defendant's related argument that the instruction gave the jury the erroneous impression that mere indifference to a high risk of death will support a first-degree murder conviction. The trial court carefully distinguished between first and second-degree murder, making it clear that an intent to kill was required for a conviction of first-degree murder.

Defendant next argues that the trial court gave an incomplete, misleading, and confusing instruction on character evidence. In particular, he challenges the following portion of the charge which was taken verbatim from proposed CJI 5:2:08:

"If, after judging all of the evidence of guilt you have no reasonable doubt of the defendant's guilt, you should find him guilty. However, if the evidence of good character along with all of the evidence in the case creates a reasonable doubt of the defendant's guilt, you must find him not guilty."

Defendant claims that this instruction shifted the burden of proof to defendant to raise a reasonable doubt in order to win acquittal. We disagree.

The instruction simply informs the jury that if the character evidence defendant chose to produce, together with all the other evidence, leaves the jury with a reasonable doubt, defendant should be acquitted. It did not tell the jury that defendant had the burden of raising a reasonable doubt. The use of the verb "creates" in the instruction may,

in some minds, imply a shift in the burden of proof. We feel this is an unreasonable interpretation because it can fairly be said that a defendant presents evidence in an effort to "create" a reasonable doubt.

We also disagree with defendant's claim that this instruction implied that evidence of good character alone was not enough to acquit defendant. Moments before the challenged instruction, the judge stated: "Evidence of good character may by itself create a reasonable doubt of guilt and justify a verdict of not guilty." Further, the Michigan Supreme Court specifically approved of this aspect of the instruction in *People v Schultz,* 316 Mich 106, 123; 25 NW2d 128 (1946).

Finally, defendant challenges the instructions relating to the character of defendant.

Defendant's argument is without merit. The instructions were taken from the proposed CJI and were requested by defendant's trial attorney who indicated his satisfaction with the charge. The instructions were complete, accurate, and not misleading.

In conclusion, we hold that the trial court did not err in instructing the jury, let alone commit error amounting to manifest injustice.

Affirmed.