PEOPLE v CHAPLIN

Docket No. 47218. Submitted June 10, 1980, at Lansing.—Decided November 7, 1980.

Howard B. Chaplin was convicted of assault with intent to rob and steal and acquitted of larceny over $100 in the Ingham Circuit Court, Robert Holmes Bell, J. He was then found guilty of being a third felony offender. He appeals. *Held:*

1. The state of mind of a witness as to bias, prejudice, interest involved, hostility or friendship toward the defendant are all subjects for investigation in a criminal trial of the defendant even though the evidence introduced by the questioning suggests that the defendant committed another offense. The court did not err in permitting the prosecutor to question defendant's girl friend regarding her acting as a prostitute and defendant acting as her pimp.

2. The admission or exclusion of expert testimony is within the trial court's discretion, and the decision will not be reversed on appeal except upon a showing of abuse of discretion. The record does not indicate an abuse of discretion in limiting a witness's testimony on the subject of LSD.

3. Separate convictions arising out of separate transactions occurring at different times and places may properly result in sentence enhancement under the habitual offender statute even though the convictions were obtained on the same day.

Affirmed.

1. WITNESSES — CRIMINAL LAW — BIAS — APPEAL.

The state of mind of a witness as to bias, prejudice, interest involved, hostility or friendship toward the defendant are all subjects for investigation in a criminal trial of the defendant

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 884.

81 Am Jur 2d, Witnesses § 480.

[2] 5 Am Jur 2d, Appeal and Error § 884.

31 Am Jur 2d, Expert and Opinion Evidence § 16.

[3] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 6.

Admissibility of evidence of subsequent criminal offenses as affected by proximity as to time and place. 92 ALR2d 545.

even though the evidence introduced by the questioning suggests that the defendant committed another offense; the scope of cross-examination of a witness to show bias rests in the sound discretion of the trial court and will not be reversed upon appeal absent a clear showing of abuse of discretion.

2. WITNESSES — EXPERT WITNESSES — EVIDENCE — APPEAL.
   The admission or exclusion of expert testimony is within the trial court's discretion, and the decision will not be reversed on appeal except upon a showing of abuse of discretion.

3. CRIMINAL LAW — HABITUAL OFFENDERS — STATUTES.
   Separate convictions arising out of separate transactions occurring at different times and places may properly result in sentence enhancement under the habitual offender statute even though the convictions were obtained on the same day (MCL 769.11; MSA 28.1083).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, *Charles M. Sibert,* Chief Appellate Attorney, and *Janis L. Blough,* Assistant Prosecuting Attorney, for the people.

*Peter Jon Van Hoek,* Assistant State Appellate Defender, for defendant on appeal.

Before: T. M. BURNS, P.J., and BEASLEY and G. R. DENEWETH,* JJ.

PER CURIAM. Defendant, Howard Bernard Chaplin, was convicted by a jury of assault with intent to rob and steal while armed, in violation of MCL 750.89; MSA 28.284, but was found not guilty of larceny over $100. A supplemental information was filed, charging defendant as a third offender. Defendant waived a jury on the supplemental information and was found guilty by the judge. After being sentenced to not less than 20 nor more

* Circuit judge, sitting on the Court of Appeals by assignment.

than 30 years in prison, defendant appeals as of right, raising four issues.

The facts are that defendant and his girl friend, Lindy Ellis, went to the home of her grandmother. Inside the house, defendant suddenly grabbed from the rear a 15-year-old boy who was living there, began choking him and demanded to know where the gun and valuables were. When the boy said he didn't know of any gun, but that the grandmother's purse was behind the door in her room, defendant cut the boy on the neck with his knife, leaving a five-inch "slice". Defendant cut the telephone line and told the boy he was going to have to kill him. While the boy managed to get away and seek help, defendant began searching the grandmother's bedroom. The proofs regarding these facts are overwhelming.

The defense was that Lindy Ellis covertly put LSD in defendant's beer unbeknownst to him and that as a result he lacked the specific intent to commit the offenses charged to him. As indicated, the jury rejected the claimed defense and found defendant guilty.

On appeal, defendant claims it was error to permit cross-examination by the prosecutor of defendant's girl friend, Lindy Ellis, regarding her acting as a prostitute. Although denying defendant was her pimp, she testified she raised money as a prostitute in order to post bail for defendant. Defendant claims that the prosecutor's cross-examination over defense objection violated basic rules in that he attacked the witness's credibility with specific instances of her prior conduct and uncharged criminal activity, that he argued that the defendant's and the witness's poverty and their need for her to work as a prostitute provided the motive behind the commission of the offense, and

that he accused defendant of engaging in a course of criminal conduct, that is, pimping.

We disagree. A witness may be questioned concerning her relationship or bias in regard to the defendant.[1] This follows even where the questioning might introduce into evidence another possible offense against the defendant.[2] The scope of cross-examination of witnesses to show bias rests in the sound discretion of the trial court and will not be deemed error absent a clear showing of abuse of discretion.

Defendant cites *People v Bouchee*,[3] where the Court said:

> "We hold, therefore, that character evidence offered to impeach or support a witness's credibility, other than evidence of prior conviction for crime, must be limited to the particular character trait of truthfulness or untruthfulness." (Footnote omitted.)

The situation in the present case differs from *Bouchee* in that the cross-examination here was made to show the relationship between defendant and the witness who was his girl friend rather than to show her character for untruthfulness. The thrust of the prosecutor's questions was that the witness would prostitute herself for the defendant and, therefore, would lie for him. The thrust of the testimony was not that she was a prostitute and, therefore, had a general bad character and was not credible as a witness; rather, it was to show her bias and her relationship with defendant. Since defendant chose to rest his defense on the

[1] *People v Allen,* 59 Mich App 536, 540; 229 NW2d 835 (1975), *modified on other grounds* 397 Mich 823 (1976), *People v Frank Williams,* 39 Mich App 458; 197 NW2d 858 (1972).

[2] *People v Allen, supra.*

[3] 400 Mich 253, 268; 253 NW2d 626 (1977).

credibility of her story, the prosecution was entitled to a searching examination of her. Thus, the cases cited by defendant in this connection are distinguishable and do not control in the present case.

Defendant also claims that it was improper for the prosecutor to put the following question to the witness:

"Q. You'd sell your body on the street for him but you won't lie for him, right?
"A. No need to lie."

In this case, defendant did not object to the "you won't lie for him" question and, therefore, the propriety of this question was not preserved for appellate review. Moreover, the witness was not forced into the "no-lose" situation presented in *People v Frank Williams,*[4] where the trial judge had compelled the witness, over objection, to answer the prosecutor's hypothetical question of whether or not he would tell a falsehood to save his half-brother.

Next, defendant claims that the prosecutor's closing argument that the witness's lack of lawful employment and her supposed poverty provided the motive for the attempted robbery was improper. However, this contention has not been preserved for appellate review through objection at trial. Consequently, we do not consider the matter on appeal.

Furthermore, the direct proofs regarding this offense were so overwhelming as to make the admission of this testimony of defendant's witness no more than harmless error at most.

Defendant also claims that it was error for the

---

[4] *People v Frank Williams, supra.*

trial court to limit the range of testimony of a defense expert on the subject of LSD. After hearing the witness's qualifications, the trial judge ruled that he would be qualified to testify based on his work experience but would not be qualified to make pharmacological, psychological, psychiatric or chemical explanations. It is within the trial court's discretion to admit or exclude expert testimony, and an exercise of that discretion will not be reversed except where it is clearly abused.[5] Application of this rule does not indicate an abuse of discretion.

Defendant also argues that he was denied a fair trial by the closing arguments of the prosecutor. This issue was not preserved for appellate review by objection at trial. Appellate review of alleged improprieties in a prosecutor's closing argument is precluded in the absence of any objection at trial for the reason that the trial court is deprived of opportunity to make a corrective instruction at the time. An exception to this rule exists where failure to consider the issue would result in a miscarriage of justice.[6] Our review of the closing arguments does not indicate any such miscarriage of justice as would require reversal in the present case.

Last, defendant claims that it was improper to convict the defendant on an information as a third felony offender where the two prior convictions were obtained on the same day. In this connection, defendant argues that in order to fulfill the purposes of the habitual offender act[7] the two prior convictions should be treated as only one prior conviction because defendant had only one previ-

---

[5] *People v Hernandez,* 84 Mich App 1; 269 NW2d 322 (1978), *People v Worden,* 91 Mich App 666; 284 NW2d 159 (1979), *People v Jones,* 95 Mich App 390; 290 NW2d 154 (1980).

[6] *People v Walker,* 93 Mich App 189; 285 NW2d 812 (1979).

[7] MCL 769.11; MSA 28.1083.

ous opportunity for rehabilitation through the correctional process. This claim is without merit.

This is not a case like *People v Ross*,[8] where we held that it was error to permit a jury to count two convictions as two prior felonies for purposes of the habitual offender act when both convictions arose out of the same act, both were provable by the same testimony, and only one time and place and subject were involved. While the convictions in the instant case were obtained on the same day, they arose out of separate transactions which occurred at different times and places and were provable by different testimony.

Literal reading of the statute shows that any two or more prior felony convictions can result in punishment under the habitual offender act upon conviction of a subsequent felony. MCL 769.11; MSA 28.1083 provides, in relevant part:

"(1) If a person has been convicted of 2 or more felonies, attempts to commit felonies, or both, * * * and that person commits a subsequent felony within this state, the person shall be punished upon conviction as follows: * * *."

Affirmed.

---

[8] 84 Mich App 218, 223; 269 NW2d 532 (1978).