869 F.2d 1491
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Leroy JONES, Petitioner-Appellant,
v.
Dale FOLTZ, Respondent-Appellee.
 No. 87-2045.
 United States Court of Appeals, Sixth Circuit.
 Feb. 17, 1989.
 
 1
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and EUGENE E. SILER, Jr., Chief District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 James Leroy Jones appeals the denial of his second petition for writ of habeas corpus. Petitioner was convicted of second degree murder in 1978 and was sentenced to sixty to ninety years imprisonment. The Michigan Court of Appeals affirmed the conviction, People v. Jones, 95 Mich.App. 390 (1980) (per curiam), and the Michigan Supreme Court denied leave to appeal. Thereafter, petitioner filed an initial petition for habeas relief which was denied by the district court, this court affirmed the judgment, and the Supreme Court denied certiorari.
 
 
 4
 Petitioner then filed the instant petition in the district court alleging that statements obtained from him in violation of Miranda v. Arizona, 384 U.S. 436 (1966), were used against him at trial. Petitioner alleged that this claim was omitted from his initial habeas petition due to ineffective assistance of counsel. The district court denied the petition on the merits. Upon consideration, we conclude that the petition was properly denied.
 
 
 5
 The statements obtained from petitioner were made immediately after petitioner failed a polygraph examination. We conclude that those statements fall within the Supreme Court's holding in Wyrick v. Fields, 459 U.S. 42 (1982) (per curiam), because petitioner was read the Miranda warnings before the examination. Thereafter, it is reasonable to ask the examinee to explain the unfavorable result. Wyrick, 459 U.S. at 47.
 
 
 6
 Insofar as petitioner alleges ineffective assistance of counsel, the district court correctly concluded that petitioner has no right to counsel in habeas corpus proceedings. See Douglas v. Maxwell, 357 F.2d 320, 321-22 (6th Cir.1966), cert. denied, 385 U.S. 858 (1967). In any event, petitioner cannot show prejudice from the alleged ineffectiveness because the district court fully considered the merits of his Miranda claim.
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation