PEOPLE *v.* ROOT.

1. CRIMINAL LAW—QUESTION ATTEMPTING TO MAKE THE POSITIVE MORE POSITIVE NOT ERROR.

In a prosecution for unlawful possession and transportation of intoxicating liquor, where a police officer had unqualifiedly testified to seeing defendant throw jugs containing intoxicating liquor from his automobile, there was no reversible error in attempting to make the positive more positive by asking said officer whether he could in

any way be mistaken as regards those jugs, where they came from.[1]

2. SAME—PROOF OF SECOND OFFENSE SHOULD BE OFFERED BEFORE DEFENSE.

Although proof that offense charged was second offense should have been offered before introduction of evidence by defendant, its admission at the close of the defense was not error, it being admissible at any time before the case was submitted to the jury.[2]

3. WITNESSES—MAY NOT BE IMPEACHED UPON COLLATERAL MATTER.

A witness may not be impeached upon a collateral matter.[3]

4. CRIMINAL LAW—MISCONDUCT OF PROSECUTOR CURED — APPEAL AND ERROR.

Error by the prosecuting attorney in asking questions to impeach a witness on a collateral matter after an adverse ruling thereon by the trial judge was cured by the exclusion of the offered testimony and by the judge's instructions thereon to the jury.[4]

Exceptions before judgment from Shiawassee; Collins (Joseph H.), J.   Submitted April 16, 1925. (Docket No. 129.)   Decided May 14, 1925.

Albert Root was convicted of violating the liquor law.   Affirmed.

*Chandler & Friegel*, for appellant.

*Leon F. Miner*, Prosecuting Attorney, for the people.

WIEST, J.   Defendant stands convicted of a second violation of the law prohibiting possession and transportation of intoxicating liquor, and reviews on exceptions before sentence.   A police officer saw defendant throw two jugs from his automobile, picked up the jugs, one of which was broken, and found they contained intoxicating liquor.   The officer so testified and was then asked by the prosecuting attorney:

---

[1]Criminal Law, 17 C. J. § 3654; [2]Id., 16 C. J. § 3172 (Anno); [3]Witnesses, 40 Cyc. p. 2699; [4]Criminal Law, 16 C. J. § 2271.

"Could you in any way be mistaken as regards those jugs, where they came from?"

It is insisted this was error. The officer had unqualifiedly testified to seeing the jugs thrown from defendant's automobile, and we fail to note reversible error in the senseless effort to make the positive more positive.

At the close of defendant's proofs the prosecution was permitted to show a former conviction, in support of the charge of a second offense. While the prosecution should have offered such proof before introduction of evidence by defendant, there was no error in admitting it at any time before the case was submitted to the jury.

The conduct of the prosecuting attorney is complained of, in that he insisted upon asking improper questions after adverse rulings by the court. He wanted to impeach one of defendant's witnesses upon a collateral matter, and this the court would not permit. The court was right. We must assume that the prosecuting attorney then knew he had no right to ask the questions for such purpose, yet he stated in questions after such rulings the substance of the impeaching matter. The learned circuit judge not only excluded the offered testimony but fully protected defendant's rights in his instructions to the jury. The practice so indulged by the prosecutor was manifestly improper, and not palliated by ignorance on his part, but we think the error was cured by the court.

We find no reversible error and the conviction is affirmed with direction to proceed to judgment.

BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred. MCDONALD, C. J., and CLARK, J., concurred in the result.