PEOPLE *v.* CULVER.

1. CRIMINAL LAW—RAPE—BRIBERY—COLLATERAL ISSUE.

In prosecution for statutory rape, in which conviction was had of assault with intent to commit rape, admission of testimony of wife of defendant and mother of complaining witness as to alleged offer of wife's brother-in-law to mother of $100 to get daughter to change story or drop the case *held,* highly prejudicial error in a case where credibility of witnesses is vital to the issue, where it was not claimed defendant or his wife were responsible for the alleged proffer of a bribe and inquiry was persisted in over defendant's objections, since collateral issue was raised which defendant was not bound to meet.

2. WITNESSES—IMPEACHMENT—COLLATERAL MATTERS.

A witness may not be impeached on a collateral matter.

Appeal from Ionia; Hawley (Royal A.), J. Submitted April 15, 1937. (Docket No. 145, Calendar No. 39,393.) Decided May 21, 1937.

Wayne Culver was convicted of an assault with intent to commit rape. Reversed and new trial granted.

*Leo W. Hoffman* and *Clare E. Hoffman,* for appellant.

*Raymond W. Starr,* Attorney General, *Geer H. Smith,* Prosecuting Attorney, and *Glenn D. Mathews,* Special Assistant Prosecuting Attorney, for the people.

BUTZEL, J. Defendant, charged with statutory rape and lesser crimes, was convicted of assault

with intent to commit rape. The alleged victim of the crime, a child of 14 years of age and hereinafter referred to as prosecutrix, testified to its commission. Defendant took the stand and made an absolute denial of guilt. There were no other witnesses who claim to have been present. ' At the request of the wife of defendant and subsequent to his arrest, the prosecutrix wrote out and signed a statement dictated to her retracting a previous verbal statement that defendant was guilty of the crime. The wife of defendant testified:

"*Q.* Didn't your brother-in-law right in your presence offer Mrs. Ohlinger $100 to get her to change her story?

"*A.* No.

"*Mr. Clare Hoffman:* This is all under my objection, your honor?

"*The Court:* Yes.

"*Mr. Clare Hoffman:* It may be so considered.

"*The Court:* It comes under the same objection and the same ruling with respect to it."

Mrs. Ohlinger, the mother of prosecutrix, testified as follows:

"*Q.* Mrs. Ohlinger, you heard my examination of Mrs. Culver on the stand?

"*A.* Yes.

"*Q.* I asked her if in company with a brother-in-law she hadn't come to your home and among other things stated that if Marjory didn't change her story that Wayne would get 10 to 20 years; whether or not she made that statement?

"*A.* She made that statement two days after she and the brother-in-law was there.

"*Mr. Clare Hoffman:* I move to strike it out and also ask that the jury be instructed that it is not binding upon the respondent in any way.

"*The Court:* Well, this is fixing another time than that that was fixed by Mrs. Culver. It will be stricken out.

"*Mr. Mathews:* I think I should confine myself to this incident in question.

"*The Court:* Exactly.

"*Q.* That was a different time and Mr. Shields wasn't there?

"*A.* Yes, sir.

"*Mr. Mathews:* All right; I will withdraw that.

"*Mr. Clare Hoffman:* But, if the Court please, they are getting in prejudicial and incompetent testimony on all this inquiry before the jury.

"*The Court:* No, they are not getting in incompetent testimony nor objectionable testimony. That was merely in explanation as to the time that he was referring to. Now, what occurred at the time that was first questioned about may be answered.

"*Q.* Now, witness, getting back to the time when Mrs. Culver and Mr. Shields together came to your house you heard me ask her if Mr. Shields in her presence didn't offer you $100 to get Marjory to change her story; I will ask you whether or not Mr. Shields did in her presence make that offer to you?

"*A.* Yes, sir; or drop the case, one or the other.

"*Mr. Mathews:* Now I think I should recall Mrs. Culver and I will ask her about the incident later.

"*The Court:* I don't recall that you asked Shields about the hundred dollars.

"*Mr. Mathews:* No, but I asked Mrs. Culver about it and she denied that Mr. Shields in her presence made that offer to Mrs. Ohlinger. Now I am trying to show that she did.

"*The Court:* Proceed."

Both defendant's wife and the prosecutrix's mother were recalled and the alleged statements in regard to what Mr. Shields, the brother-in-law, had stated, were further gone into. It is not even con-

tended that defendant's wife made the offer, and the claim that it was made in her presence is insufficient so as to fasten responsibility upon her. Shields was not called as a witness. The testimony unquestionably prejudiced the jury against defendant; it raised a collateral issue which he was not bound to meet. A witness may not be impeached on a collateral matter. *People v. Root,* 231 Mich. 239; *People v. Dellabonda,* 265 Mich. 486.

The testimony was highly prejudicial to defendant, particularly in such a case where the credibility of witnesses is so vital to the issue and where the jury might infer that defendant was responsible for the alleged proffer of a bribe.

Other errors are complained of, including the claim that the questions asked of the medical expert and his answers invaded the province of the jury and violated the rule as set forth in *DeGroot* v. *Winter,* 261 Mich. 660. Assuming that there is any merit to this objection, it and any other alleged errors of any merit can be easily avoided by a new trial.

The judgment is reversed and a new trial ordered.

FEAD, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.