## PEOPLE v GILES

1. Criminal Law—Constitutional Law—Speedy Trial.

   A balancing process using four factors has been adopted to evaluate and apply the right to a speedy trial: (1) length of delay, (2) reason for the delay, (3) defendant's assertion of his right, and (4) degree of prejudice to the defendant (US Const, Am VI; Const 1963, art 1, § 20).

2. Robbery—Attempted Robbery—Plea of Guilty—Speedy Trial.

   An eight-month delay from the date of an offense charged as armed robbery until the date upon which the defendant pled guilty of attempted armed robbery was not a denial of the right to speedy trial where the defendant had proper and aggressive representation and twice asserted defenses during the delay and where there was neither presumptive nor demonstrated prejudice created by the delay (US Const, Am VI; Const 1963, art 1, § 20).

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 April 10, 1973, at Detroit. (Docket No. 14430.) Decided July 24, 1973.

Herbert J. Giles was convicted, on his plea of guilty, of attempted armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law §§ 241, 242, 245–248.
[2] 67 Am Jur 2d, Robbery §§ 45–48, 84.

*State Appellate Defender Office* (by *John B. Phelps*), for defendant on appeal.

Before: BRONSON, P. J., and R. B. BURNS and VAN VALKENBURG,* JJ.

BRONSON, P. J. Defendant, Herbert James Giles, and another were charged in a joint information with armed robbery. MCLA 750.529; MSA 28.797. Giles pled guilty to attempted armed robbery on March 22, 1972. MCLA 750.529; MSA 28.797 and MCLA 750.92; MSA 28.287. Defendant was sentenced on April 5, 1972 to a term of two to five years.

Defendant appeals this conviction as of right and raises three allegations of error. *First,* whether he was denied his right to speedy trial. *Second,* whether the alleged violation of his right to speedy trial improperly induced his plea of guilty, and *third,* whether his plea of guilty operated as a waiver of his right to speedy trial.

On or about July 13, 1971 Giles entered a bar to use the rest room. Upon emerging from the rest room Giles brandished a .38-caliber pistol and announced to the proprietress, the only other person present, that it was a "stickup". A man's wristwatch, worn by the proprietress, approximately $25 in cash and a three-speed electric table fan were stolen in the robbery. Report was made to the police and within one hour an auto containing these items and the defendant was stopped. The auto was fleeing an unrelated street robbery at the time. A .38-caliber pistol, cocked and loaded, was also recovered. Defendant, represented by counsel, was positively identified at a showup held the following day.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Defendant first claims that he was denied the right to a speedy trial.[1] Defendant's claim is based upon an eight-month delay from the date of the offense until the date upon which the defendant pled guilty.

Both the United States Supreme Court and the Michigan Supreme Court have recently considered the accused's right to a speedy trial.[2] Because of the unique nature of this basic right a balancing process utilizing four factors has been adopted by our courts to evaluate and apply the right to a speedy trial. The four factors considered are: (1) length of delay, (2) reason for the delay, (3) defendant's assertion of his right, and (4) degree of prejudice to the defendant.

The record discloses that a fair portion of the delay was attributable to defense motions to quash the information and to establish an alibi defense. The defense was vigorous and Giles makes no claim of inadequate representation. Giles was represented continuously from the day of arrest forward. During this period the assertion of a right to speedy trial occurred only after the other defenses had either failed or been abandoned. The record discloses little prejudice to Giles' defense attributable to the delay. Had Giles wished, his alibi defense could easily have been pursued at the time of his plea. Delay would also serve to weaken the memory of the complainant and only witness. The prejudice to defendant's case, if any, is insufficient to weigh very heavily in the speedy trial scale.

The eight-month delay between arrest and conviction is only slightly more than the six-month legislative yardstick.[3] However, we are forced by

---

[1] US Const, Am VI; Const 1963, art 1, § 20.

[2] *Barker v Wingo,* 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972), and *People v Collins,* 388 Mich 680; 202 NW2d 769 (1972).

[3] MCLA 767.38; MSA 28.978 and MCLA 780.131; MSA 28.969(1) *and*

the record to weigh almost the entire delay in defendant's favor. We are so compelled by a record again devoid of stated reason or excuse for various continuances. We cannot surmise reasons. Appellate courts look and should look with great concern at such a silent and barren record. *People v Harrison,* 386 Mich 269, 274; 191 NW2d 371, 374 (1971), clearly directed that good cause for adjournments be shown *on the record.* Record entries subsequent to the November 9, 1971 decisional date of *Harrison* should state the reason for delay.

The delay which occurred in this case is not to be condoned. However, we find the cumulative weight of the four factors insufficient to be considered a denial of the right to speedy trial. Giles had proper and aggressive representation and twice asserted defenses during the delay. In addition, there was neither presumptive nor demonstrated prejudice created by the delay. Our conclusion on this claim of error makes remark on the remaining issues unnecessary. We find no reversible error.

Affirmed.

All concurred.

---

*see People v Collins,* 388 Mich 680, 689–690; 202 NW2d 769, 773–774 (1972).