PEOPLE v HAMMER

Docket No. 44564. Submitted May 7, 1980, at Grand Rapids.—Decided July 1, 1980.

Ronald G. Hammer was convicted of first-degree criminal sexual conduct, Kent Circuit Court, Roman J. Snow, J. He appeals, alleging that the admission of similar acts testimony of the complainant and her sisters constituted reversible error. *Held:*

Evidence of prior bad acts is admissible where the crime charged is a sexual offense and the other acts tend to show similar familiarity between the defendant and the person with whom he allegedly committed the charged offense, and is further justified where the offense is charged against a member of the victim's household. The same rationale supports admission into evidence of the testimony of her sisters as to similar acts committed against them.

Affirmed.

R. B. Burns, P.J., dissented. He would hold it was reversible error to allow complainant's sisters to testify as to prior sexual acts committed against them since there was no showing of mistake or accident, or of any scheme, plan or system on the part of the defendant.

OPINION OF THE COURT

1. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS — SEXUAL OFFENSE — COMPLAINING WITNESS.

Evidence of prior bad acts is admissible where the crime charged is a sexual offense and the other acts tend to show similar familiarity between the defendant and the person with whom he allegedly committed the charged offense.

2. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS — SEXUAL OFFENSE — CLOSE RELATIONSHIP.

The admission of evidence of antecedent sexual acts between the

REFERENCES FOR POINTS IN HEADNOTES

[1-4, 6] 29 Am Jur 2d, Evidence § 321.

65 Am Jur 2d, Rape §§ 70-74.

Admissibility, in prosecution for sexual offense, of evidence of other similar offenses. 77 ALR2d 841.

[5] 29 Am Jur 2d, Evidence §§ 251-257.

defendant and the alleged victim is justified where the offense is charged against a member of the victim's household.

3. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS — SEXUAL OFFENSE — CORROBORATING WITNESSES.

Evidence of prior sexual acts between the defendant and other witnesses of the same filial relationship as the complainant is admissible where a sexual offense is charged to corroborate and lend credence to the complainant's testimony.

4. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS — SEXUAL OFFENSE — JUDICIAL DISCRETION — PROBATIVE VALUE — PREJUDICIAL EFFECT.

Evidence of prior sexual acts in a criminal sexual conduct trial is admissible where the trial court, in its discretion, determines that its probative value outweighs its potential prejudicial effect.

5. EVIDENCE — ADMISSIBILITY — DIFFERENT THEORIES.

Evidence admissible under a particular theory, but admitted by the trial court under a different theory, may be upheld.

DISSENT BY R. B. BURNS, P.J.

6. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS — SEXUAL OFFENSE — ERROR.

*Admission of evidence in a criminal sexual conduct trial of prior sexual acts between the defendant and other witnesses of the same filial relationship as the complainant where there is no showing of mistake or accident, or of any scheme, plan or system on the part of the defendant constitutes reversible error.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for the people.

*Buth, Wood & Weidaw* (by *George S. Buth* and *Stephen M. Tuuk),* for defendant.

Before: R. B. BURNS, P.J., and J. H. GILLIS and D. C. RILEY, JJ.

J. H. GILLIS, J. The defendant was convicted of

first-degree criminal sexual conduct contrary to MCL 750.520b(1)(b); MSA 28.788(2)(1)(b) by a Kent County Circuit Court jury on December 13, 1978. He was sentenced to 7-1/2 to 20 years imprisonment and appeals as of right. GCR 1963, 806.1.

The charge in the instant case arose out of the alleged sexual penetration, MCL 750.520a(h); MSA 28.788(1)(h), of the defendant's 15-year-old daughter, Rhonda. Prior to trial, the prosecutor moved to permit Rhonda and defendant's other daughters, Tammie, 18, Sherrie, 16, and Raelynn, 10, to testify as to prior sexual acts committed against them by the defendant. At the conclusion of a hearing on the motion, the trial court ruled that such testimony would be permitted because such testimony was material to show a common scheme or plan on the part of the defendant to engage in sexual activities with his daughters. MCL 768.27; MSA 28.1050. The complainant and her sisters were permitted to testify at trial as to such prior sexual acts. Defendant contends that the admission of such testimony constitutes reversible error. We disagree and affirm.

Evidence of defendant's other bad acts is generally inadmissible because its probative value is outweighed by the likelihood that it will prejudice the jury against the defendant, preventing an objective determination of the disputed factual issues. Barring such evidence prevents the trier of fact from inferring that the accused person is guilty of the charged offense because he has committed other similar acts. *People v Matthews,* 17 Mich App 48, 52; 169 NW2d 138 (1969).

This exclusionary rule, however, is not without exception. The exception relied on by the trial court is statutory, MCL 768.27; MSA 28.1050. There also exists a judicially created exception. It

is on this latter exception which we rely in affirming the defendant's conviction.[1]

Evidence of prior bad acts is admissible where the crime charged is a sexual offense and the other acts tend to show similar familiarity between the defendant and the person with whom he allegedly committed the charged offense. *People v Der-Martzex*, 390 Mich 410, 413; 213 NW2d 97 (1973). The rationale underlying this exception is expressed by Justice CHRISTIANCY in an appeal from a conviction of the offense of incest:

"* * * [W]here a witness has testified to a fact or transaction which, standing alone and entirely unconnected with anything which led to or brought it about, would appear in any degree unnatural or improbable in itself, without reference to the facts preceding and inducing the principal transaction, and which, if proved, would render it more natural and probable; *such* previous facts are not only admissible and relevant, but they constitute a necessary part of such principal transaction—a link in the chain of testimony, without which it would be impossible for the jury properly to appreciate the testimony in reference to such principal transaction. And such previous facts should therefore be elicited by the examination of the party producing the witness. Any other rule, in such case, would be grossly unfair towards the witness; render a trial a process for suppressing, rather than eliciting, the truth, and defeat the very objects for which courts of justice are instituted.

"In the order of nature, facts do not occur single and independent—isolated from all others—but each is connected with some antecedent fact, or combination of facts, from which the fact in question follows as an

---

[1] We do not decide whether the evidence was properly admitted under MCL 768.27; MSA 28.1050. Assuming, arguendo, that the evidence was not admissible under the statute, this would not affect our disposition of the case. Proceeding on this assumption, we simply conclude that the trial court assigned the wrong reason to the correct result. See *People v Perryman*, 89 Mich App 516, 520; 280 NW2d 579 (1979).

effect from a cause. Torn from this necessary connection, and exhibited alone, many real occurrences would appear under the guise of falsehood, and truth itself would be made to lie.

"To permit the evidence, therefore, of an isolated transaction, which could only be made to appear probable by exhibiting the antecedent facts which induced it, and yet to exclude from the investigation all such antecedent facts, would be to set at defiance the order of nature, and the laws of truth which God has stamped upon the human mind." *People v Jenness,* 5 Mich 305, 323-324 (1858). See also *People v Swift,* 172 Mich 473, 484-485; 138 NW 662 (1912), *People v Trzil,* 235 Mich 469, 472-473; 209 NW 564 (1926).

The principal issue confronting the jury in the instant case was the credibility of the alleged victim. Limiting her testimony to the specific act charged and not allowing her to testify to the prior sexual acts would have seriously undermined her credibility in the eyes of the jury. The admission of evidence of antecedent sexual acts between the defendant and the alleged victim is justified where the offense is charged against a member of the victim's household. Otherwise, the testimony of the victim concerning the sexual assault which is the subject to the instant charge may well appear incredible. *People v DerMartzex, supra,* 414-415. The admission of evidence of antecedent sexual acts against the complainant, Rhonda Hammer, was justified here.[2]

The second question to be addressed is whether the lower court properly allowed the complainant's sisters to testify at trial regarding defendant's sexual assaults against them. The answer is that such evidence was properly admitted. We hold

[2] Such evidence is not always admissible. The trial judge must exercise his discretion and exclude the proffered evidence if its probative value is outweighed by its potential prejudicial effect. In the present case, we find no abuse of that discretion.

that the rationale supporting the admission of the complainant's testimony concerning prior sexual acts committed upon her by the defendant similarly supports the admission into evidence of the testimony of her sisters as to such acts committed upon them.

Again, we emphasize that the principal issue confronting the jury was the credibility of Rhonda Hammer. If her sisters were prohibited from testifying as to sexual assaults against them, Rhonda's credibility would have been undermined. The jury might well have asked the question, Why would the defendant engage in such conduct toward only one of four daughters? To prevent such an erroneous question from reaching the jury's consideration, we hold that under the facts of the instant case the testimony of the complainant's sisters was properly admitted to corroborate and lend credence to the complainant's testimony.[3] See *People v Fritts,* 72 Cal App 3d 319; 140 Cal Rptr 94 (1977), and *State v Sutton,* 4 NC App 664; 167 SE2d 499 (1969). This holding is particularly appropriate when one notes that the defendant denied the sexual assault in question or any prior sexual assaults had taken place, thereby implicitly charging the complainant with fabricating the evidence against him.

On the basis of the foregoing analysis, the defendant's conviction is affirmed.

D. C. RILEY, J., concurred.

R. B. BURNS, P.J., *(dissenting).* I must dissent. In my opinion it was reversible error to allow the complainant's three sisters to testify as to prior sexual acts committed against them.

_____

[3] See footnote 2, *supra.*

MCL 768.27; MSA 28.1050 provides:

"In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant."

In *People v Oliphant,* 399 Mich 472, 488; 250 NW2d 443 (1976), the Supreme Court allowed the testimony of three young women, other than the complainant, who claimed that the defendant had raped them, and stated:

"We agree with the trial court and the Court of Appeals that the testimony of 'A', 'B', and 'C' goes beyond tending to show that defendant raped other young women. The many similarities in all four cases tend to show a plan or scheme to orchestrate the events surrounding the rape of complainant so that she could not show nonconsent and the defendant could thereby escape punishment. Defendant's plan made it appear that an ordinary social encounter which culminated in voluntary sex had simply gone sour at the denouement due to his reference to complainant's unpleasant body odor; a vain and bitter woman seeking revenge against an innocent man."

In the present case there was no showing of mistake or accident on the part of the defendant, or of any scheme, plan or system.

I would reverse and remand for a new trial.