PEOPLE v RICHARD JOHNSON

Docket No. 47338. Submitted June 16, 1980, at Lansing.—Decided August 12, 1980.

Defendant, Richard P. Johnson, was convicted of attempted armed robbery in the Tuscola Circuit Court, Patrick R. Joslyn, J. He appeals, alleging error in allowing admission of evidence of a breaking and entering by defendant which was committed subsequent to the charged offense. *Held:*

Evidence of similar acts, to be admissible, requires the following foundation: 1) substantial evidence that the defendant actually perpetrated the bad act; 2) the bad act is probative of defendant's motive, intent, absence of mistake, design, scheme, plan or system in committing the charged offense; and 3) the evidence is material to the determination of defendant's guilt of the charged offense. All three foundation requirements were met. He confessed to the commission of the act. The evidence was probative of intent and lack of mistake and was material, since defendant raised the issue of capacity to form the requisite specific intent.

Affirmed.

EVIDENCE — SIMILAR ACTS EVIDENCE — CRIMINAL LAW.

Evidence of similar acts, to be admissible, requires the following foundation: 1) substantial evidence that the defendant actually perpetrated the bad act; 2) the bad act is probative of defendant's motive, intent, absence of mistake, design, scheme, plan or system in committing the charged offense; and 3) the evidence is material to the determination of defendant's guilt of the charged offense.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Artis M. Noel,* Prosecuting Attorney (by *Thomas C. Nelson,* Assistant Attorney General, Prosecuting Attorneys Appellate Service), for the people.

REFERENCE FOR POINTS IN HEADNOTE
[1] 29 Am Jur 2d, Evidence § 320 *et seq.*

*Clinton C. House,* for defendant.

Before: M. F. Cavanagh, P.J., and D. E. Hol-
brook, Jr., and J. H. Piercey,* JJ.

D. E. Holbrook, Jr., J. Defendant and two con-
federates, Donald Miller and Victor Radecki, con-
sumed three 12-packs of beer. After deciding to rob
a store, they got a Halloween mask from Miller's
trailer and a sawed-off shotgun from a friend.
Radecki entered the building to find out if there
were any customers inside. Finding none, he re-
turned to the car and waited with Miller. Defen-
dant detached the telephone wire and entered the
store wearing the Halloween mask. He pointed the
gun at the shopkeeper and said, "This is a hold-
up". The shopkeeper pulled a gun from her jacket
pocket and began shooting. She continued shooting
over his head as he fled the store.

After some discussion between themselves re-
garding the danger inherent in an armed confron-
tation and the advantage of avoiding same, the
three men went to the house of an acquaintance
who was hospitalized. They broke into the home
and took guns, an antique clock and other per-
sonal property which they later sold.

Defendant was convicted by a jury of assault
with intent to commit robbery being armed. MCL
750.89; MSA 28.284. Thereafter sentenced to 1-1/2
to 5 years in prison, he appeals as of right.

The lower court allowed the introduction of
evidence of the subsequent breaking and entering
only for the limited purpose of showing defen-
dant's capacity to form the specific intent to rob
and steal, as defendant's defense was that he was
so intoxicated that he had lost the ability to distin-

* Circuit judge, sitting on the Court of Appeals by assignment.

guish right from wrong. Defendant claims such evidence was not admissible. We disagree.

MRE 404(b) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crime, wrong, or acts are contemporaneous with, or prior or subsequent to the crime charged."

*People v Worden,* 91 Mich App 666, 682; 284 NW2d 159 (1979), required the following foundation for admission of similar acts evidence:

(1) substantial evidence that the defendant actually perpetrated the bad act;

(2) the bad act must be probative of defendant's motive, intent, absence of mistake, design, scheme, plan or system in committing the charged offense; and

(3) the evidence must be material to the determination of defendant's guilt of the charged offense.

First, in the instant case there was substantial evidence that defendant perpetrated the bad act. He has not denied his actions of that day; in fact, his confession was admitted into evidence.

Second, the evidence was probative of intent and absence of mistake in committing the charged offense. Both crimes are specific intent crimes requiring a common mental state. The same individuals were involved in a time frame of less than 1-1/2 hours. There was no lapse in the continuity of the criminal episode which was fueled by a

single objective and intent—the intent to deprive another of his property.

Third, the evidence of intent was material to the determination of defendant's guilt of the charged offense. It was not offered to prove the bad character of the defendant in order to raise the inference of a possibility that he committed the crime charged. It was offered to show that he had the ability to reason and thereby form a specific larcenous intent, thereby countering his defense of incapacity to form such an intent.

The evidence was properly admitted even though, generally, testimony showing that a defendant committed other crimes or bad acts is inadmissible because of the likelihood of impermissible prejudice, preventing an objective determination of the disputed factual issue. *People v Flynn,* 93 Mich App 713; 287 NW2d 329 (1979). See also *People v McCarver,* 72 Mich App 311, 318; 249 NW2d 403 (1976), *rev'd* 403 Mich 376; 269 NW2d 186 (1978). Potential prejudice to the defendant was minimized as the trial court gave the jury a cautionary instruction to consider the subsequent act only in determining whether or not defendant could formulate an intent to rob and steal.

In *People v Cramer,* 97 Mich App 148; 293 NW2d 744 (1980), the defendant's mental capacity was also at issue. In addressing the relevance of a similar act occurring the same night as the crime, the Court held:

"Evidence of defendant's actions just prior to, during and subsequent to the crime charged was 'helpful in throwing light' upon defendant's state of mind at the time of the offense.

* * *

"As such, the evidence rendered the fact of defen-

dant's sanity and mental capacity at the time of the charged offense more probable than it would be without the evidence."

As in *Cramer, supra,* the combined effect of the evidence was helpful in throwing light upon defendant's state of mind at the time of the offense. Defendant put his capacity to form a specific intent at issue. The lower court recognized its discretion in its ruling that the evidence had more probative value than prejudicial effect.

Having examined defendant's remaining allegations of error, we find them to be without merit.

Affirmed.